AO 442 (Rev. 11/11) Arrest Warrant

SEALED 

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

COLORADO CASE # 19-mj-00226-SKC

| United States of America | ) | | |
|---|---|---|---|
| v. | ) | Case No. 5:19cr18 | **FILED** |
| | ) | | **UNITED STATES DISTRICT COURT** |
| DAVID A. KRUEGER, JR. | ) | | **DENVER, COLORADO** |
| 1805 S. W. 30th Street | ) | | 10:35 am, Oct 03, 2019 |
| Moore, OK 73160 | ) | | **JEFFREY P. COLWELL, CLERK** |
| *Defendant* | | | |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* DAVID A. KRUEGER, JR.,

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

1 Count Wire Fraud (18:1343)

Date: 08/21/2019

_David A. O'Toole_
*Issuing officer's signature*

City and state: Texarkana, Texas

DAVID A. O'TOOLE
*Printed name and title*

### Return

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
10:53 am, Oct 03, 2019
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
AUG 2 1 2019
BY
DEPUTY_____

| | |
|---|---|
| UNITED STATES OF AMERICA § | COLORADO CASE # 19-MJ-00226-skc SEALED |
| § | |
| v. § | No. 5:19-CR- 18 |
| § | (Judge RWS/CMC) |
| DAVID A. KRUEGER, JR. § | |

# INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

## COUNT ONE

VIOLATION: 18 U.S.C. § 1343
[Wire Fraud]

At all times material to this Indictment:

1. Defendant **David A. Krueger, Jr.** was licensed to practice law in the state of Texas and held himself out as a board-certified specialist in the areas of estate planning and probate law.

2. **David A. Krueger, Jr.** was not licensed in the state of Texas to sell securities.

3. **David A. Krueger, Jr.** maintained a law practice in Frisco, Texas, in the Eastern District of Texas, under the name Krueger Law Firm, P.C., a Texas professional corporation, and later under the name Krueger Law Firm, PLLC, d/b/a The KM Firm, PLLC, a Texas professional limited liability company.

4. In or about September 2012, **David A. Krueger, Jr.** participated in the formation of CBC Equity Holdings, LLC, a Texas limited liability company located at

the same address as his law practice in Frisco, Texas. From in or about November 2013 until in or about February 2016, CBC Equity Holdings operated a misting fan business under the assumed name Atomist.

5. In or about August 2013, **David A. Krueger, Jr.** participated in the formation of DKJM Holdings, PLLC, a Texas professional limited liability company located at the same address as his law practice in Frisco, Texas.

6. In or about September 2013, **David A. Krueger, Jr.** began representing clients C.K., D.K., and D.C. in legal matters. C.K. and D.K. resided in Wake Village, Texas, in the Eastern District of Texas. D.C. resided in Miller County, Arkansas.

## The Scheme

7. Beginning on a date unknown but no later than February 2014 and continuing thereafter through at least September 2015, defendant **David A. Krueger, Jr.** devised a scheme to defraud current and former clients of his law practice and to obtain money by means of false and fraudulent pretenses, representations, and promises.

## Manner and Means

8. It was part of the scheme that **David A. Krueger, Jr.** solicited current and former clients of his law practice to invest in and fund his outside business ventures.

9. It was also part of the scheme that **David A. Krueger, Jr.** solicited such capital contributions in various forms, including by way of investments with ownership interest, loans, "secured bond notes," and "corporate secured bonds."

10. It was further part of the scheme that **David A. Krueger, Jr.** represented to client investors that they would be paid guaranteed annual returns at rates of approximately 10%.

11. It was part of the scheme that **David A. Krueger, Jr.** failed to make payments in accordance with the agreed terms of the investments and contributions.

12. It was also part of the scheme that **David A. Krueger, Jr.** used client investor monies to unjustly enrich himself by misappropriating funds for his own personal use and benefit.

13. It was further part of the scheme that **David A. Krueger, Jr.** would make partial payments of amounts owed to client investors and use wire communications, including text messages and e-mails, to delay legal action or complaints to governmental authorities and to make the investments seem less suspect.

Clients C.K., D.K., and D.C.

14. It was part of the scheme that in or about February 2014, **David A. Krueger, Jr.** withheld a portion of settlement proceeds obtained on behalf of his client C.K. by retaining such funds in his law firm's account.

15. It was also part of the scheme that in or about April 2014, **David A. Krueger, Jr.** visited his client C.K. at home in Wake Village, Texas, and solicited an investment in an outside business venture, specifically a misting fan business.

16. It was further part of the scheme that at this meeting in or about April 2014, **David A. Krueger, Jr.** persuaded his client C.K. to use the remaining funds from his share of the settlement as a capital contribution for the misting fan business in exchange for an ownership interest and a 30-day repayment at a rate of 10%.

17. It was part of the scheme that **David A. Krueger, Jr.** made no return payments of any kind to his client C.K. in connection with this investment.

18. It was part of the scheme that following a disbursement of funds to his client C.K. from another settlement, **David A. Krueger, Jr.** persuaded C.K. to transfer $400,000 to his law firm's account.

19. It was further part of the scheme that on or about September 3, 2014, **David A. Krueger, Jr.** sent a text message his client D.K. advising that he was working to set up an asset protection trust for C.K.'s benefit.

20. It was part of the scheme that **David A. Krueger, Jr.** did not place any of the funds from his client C.K. into an asset protection trust for C.K.'s benefit, and instead, **David A. Krueger, Jr.** used the proceeds for his misting fan business, other unrelated business ventures, and his own personal benefit.

21. It was also part of the scheme that in or about September 2014, **David A. Krueger, Jr.** advised his clients D.K. and D.C. that their interests in a civil action in Alabama were not being adequately protected and that he would require a retainer to represent them.

22. It was part of the scheme that on or about December 15, 2014, **David A. Krueger, Jr.** met with his client C.K. to discuss what to do with $400,000 wired to the account of **David A. Krueger, Jr.'s** law firm.

23. It was also part of the scheme that in or about December 2014, **David A. Krueger, Jr.** presented his client C.K. with a "Secured Bond Note," issued by DKJM Holdings, LLC; having an effective date of December 20, 2014; providing for an annual rate of 10%; confirming monthly principal and interest payments to C.K. beginning in January 2015; and containing a personal guarantee by **David A. Krueger, Jr.**

24. It was further part of the scheme that on or about December 16, 2014, **David A. Krueger, Jr.** sent a text to his client D.K. and solicited a "secured investment" in a "corporate secured bond" with a 9% guaranteed return.

25. It was also part of the scheme that from in or about January-June 2015, **David A. Krueger, Jr.** made payments to his client C.K. to make the "Secured Bond Note" seem less suspect.

26. It was further part of the scheme that from in or about February-September 2015, **David A. Krueger, Jr.** used wire communications, specifically e-mails to his clients C.K. and D.K., to delay any legal action and to make the prior investments seem less suspect.

## Execution of the Scheme and Artifice to Defraud

27. On or about the following date, in the Eastern District of Texas, defendant **David A. Krueger, Jr.** having devised the above-described scheme and for the purpose of executing the scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, that is, the following wire transfer:

| Count | Date | Wire |
|---|---|---|
| 1 | September 5, 2014 | Transfer of $400,000 from C.K.'s account at Capital One Bank in Nash, Texas, to the account of Krueger Law Firm, PLLC, d/b/a The KM Firm, at JP Morgan Chase. |

In violation of 18 U.S.C. § 1343.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461

As the result of committing the foregoing offense alleged in this indictment, the defendant herein shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461:

1. any property constituting, or derived from, and proceeds the defendant obtained, directly or indirectly, as the result of such violation; and

2. any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

### Cash Proceeds:

A sum of money equal to $501,200.00 in United States currency and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by the defendant as a result of the offense alleged in this indictment, for which the defendant is personally liable.

### Substitute Assets:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third person;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendant.

By virtue of the commission of the offense alleged in this indictment, any and all interest the defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

A TRUE BILL

Date: 08/21/19

GRAND JURY FOREPERSON: M.F.

JOSEPH D. BROWN
UNITED STATES ATTORNEY

L. Frank Coan, Jr.
Assistant United States Attorney
Bar No. 170966 (Georgia)
110 N. College, Suite 700
Tyler, Texas  75702
(903) 590-1400
(903) 590-1439 Fax

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 5:19-CR-___ (Judge _____) |
| DAVID A. KRUEGER, JR. | § | |

## NOTICE OF PENALTY

### COUNT ONE

VIOLATION:            18 U.S.C. § 1343

Imprisonment for not more than 20 years; a fine of not more than $250,000; a term of supervised release of not more than 3 years.

SPECIAL ASSESSMENT:            $100.00